UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CALEB POOLE,

        Plaintiff,

v.                                    Case No. 3:22-cv-243-MMH-LLL

INTOWN SUITES,

        Defendant.
_____

## ORDER OF DISMISSAL WTHOUT PREJUDICE

Plaintiff Caleb Poole, a pretrial detainee housed at Montgomery Correctional Center in Jacksonville, Florida, initiated this case by filing a pro se Civil Rights Complaint (Complaint; Doc. 1) under 42 U.S.C. § 1983. In the Complaint, Poole names one Defendant – InTown Suites, an extended stay hotel in Jacksonville, Florida. Id. at 2. He alleges that between May 2020 and December 2020, Defendant subjected Poole to "unfit living conditions," such as "mold as well as roaches."[1] Id. at 4-5. As relief, Poole seeks monetary damages. Id. at 5.

---

[1] According to the Jacksonville Sheriff's Office website, Poole entered pretrial custody on May 22, 2021. See Jacksonville Sheriff's Office Department of Corrections, JSO Inmate Information Search, available at www.inmatesearchjaxsheriff.org (last visited Mar. 8, 2022).

The Prison Litigation Reform Act requires the Court to dismiss a case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). The Court liberally construes the pro se plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). But the duty of a court to construe pro se pleadings liberally does not require the court to serve as "de facto counsel" for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x. 982, 982 (11th Cir. 2017) (citing GJR Inv., Inc. v. Cnty. Of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

"Section 1983 provides judicial remedies to a claimant who can prove that a person acting under color of state law committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (quoting Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992)). To show a defendant acted under color of state law, the plaintiff must allege a sufficient relationship between the defendant and the state. See Farrow v. West, 320 F.3d 1235, 1239 n.3 (11th Cir. 2003).

Here, Poole does not allege that Defendant is a state actor subject to liability under § 1983. Moreover, his Complaint contains no factual allegations suggesting a close nexus between Defendant, a hotel, and the state such that Defendant's activity may be attributable to the state. See, e.g., Roque v. Jazz Casino Co. LLC, 388 F. App'x 402, 404 (5th Cir. 2010) (holding "hotel and supervisory employee were not state actors and thus not liable for alleged discrimination under § 1983."). Nor does Poole identify with any specificity Defendant's alleged unconstitutional acts. Instead, Poole generally asserts Defendant participated in a "health code violation," which stems from state law. Complaint at 4. Thus, Poole has failed to state a plausible claim for relief, and his Complaint is due to be dismissed without prejudice.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice.**

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 14th day of March, 2022.

MARCIA MORALES HOWARD
United States District Judge

Jax-7
C:	Caleb Poole, #2021010497